UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

MONICA WADE, # 176714,

        Plaintiff(s),        CASE NO.: 05-CV-70682-DT

vs.        HON. JOHN CORBETT O'MEARA
        MAG. JUDGE WALLACE CAPEL, JR.

INDIRIA SAWHNEY, M.D., et. al.,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTIONS
FOR APPOINTMENT OF COUNSEL ,
DISMISSING AS MOOT MOTIONS FOR EXTENSION;
DENYING MOTIONS TO AMEND COMPLAINT;
AND DISMISSING AS MOOT MOTION TO
CORRECT PLEADINGS**

        This matter is before the Court on Plaintiff's Motion s For Appointment Of Counsel, 28 Day Extension And Leave To Amend Complaint Under § 1915, MCL 600.2912d(2), And F.R.Civ.P. 15(a), filed on June 15, 2005, and on June 30, 2005; and a Motion For Leave To Correct Pleadings Under F.R.Civ P. 11(a), filed on June 22, 2005. The Plaintiff, an inmate at the Scott Correctional Facility brings this action under 42 U.S.C. § 1983, claiming a violations of her 8th Amendment and 14th. Amendment Rights. The Plaintiff alleges denial of medical care concerning her high blood pressure; failure to properly monitor her condition; failure to provide her with an aide after suffering a stroke; and failure to provide her with an ankle brace.

        In support of the request for counsel, the Plaintiff states that she has a limited knowledge of the law, and that she has limited access to outside contacts and medical professionals. Further she states that counsel should be appointed because of the complex nature of this matter.

        Except in rare circumstances, it is the practice of this Court to consider the appointment

of counsel in prisoner civil rights cases only after a motion to dismiss or for summary judgment has been decided.  While Plaintiff indicates that she does not feel adequately trained in legal issues to handle this case, it appears however, that from reading the Plaintiff's Complaint, and subsequent pleadings that she has filed, she does have an understanding of the matters involved in this case, and is able to articulate her claims and arguments in a reasonable fashion.

**IT IS HEREBY ORDERED** that Plaintiff's motions for appointment of counsel are **DENIED WITHOUT PREJUDICE** pending a review of the dispositive motions in this matter.

The Plaintiff has also requested a 28 day extension of time to file her amended complaint in this matter.  For the reasons set forth below regarding Plaintiff's motions to amend her complaint, the motions for a 28 day extension of time are hereby **DISMISSED AS MOOT.**

The Plaintiff has also filed two motions to amend her complaint.  Her first motion filed on June 15, 2005 does not indicated the reason that she is requesting to amend her complaint, nor has she attached a proposed amended complaint as required by Local Rule 15.1, Eastern District of Michigan.  Further, since the Plaintiff's request to amend her complaint was filed after the filing of the two dispositive motions now pending in this case, it would be considered futile at this juncture to permit the amendment of her complaint.  Robinson v Michigan Consolidated Gas Co. 918 F.2d 579, 591 (6th. Cir. 1990).  The Plaintiff's June 15, 2005, motion to amend her complaint is hereby **DENIED WITHOUT PREJUDICE.**

The Plaintiff also filed another motion to amend her complaint on June 30, 2005.  In the most recent motion she indicates that she is seeking to amend her complaint to add a new party defendant, Patricia Caruso, Director, Michigan Department of Corrections.  She also wishes to add an additional claim under Title II of the Americans With Disabilities Act of 1990, (ADA).  While leave to amend a complaint shall be freely given when justice so requires, the Court may

refuse to do so when there is a showing of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." Foman vs Davis, 371 U.S. 178,181 (1962).  Plaintiff's motion to amend complaint must also be denied because she failed to exhaust her administrative remedies with respect to her  "ADA" claim.  Jones vs. Smith, 266 F.3d 399 (2001).  Additionally, the Plaintiff failed to seek a "Right-To-Sue" letter which is generally the triggering mechanism under the "ADA". It also appears from a review of her proposed amended complaint, that she did not pursue her "ADA" claim at the administrative level.  42 U.S.C. 12117(a).

The Plaintiff also seeks to add a party defendant, Patricia Caruso, Director of the Michigan Department of Corrections.  Again, it appears that the Plaintiff did not file a grievance against this proposed Defendant which is a requirement for filing an action in federal court. Curry vs. Scott, 249 F.3d 493 (6th. Cir. 2001).  A reading of her motion and proposed complaint does not indicate that she pursued a grievance against Patricia Caruso.  It further appears that she failed to exhaust all of her administrative remedies available before filing her complaint as required.  Brown vs. Toombs, 139 F.3d 1102, 1103-04 (6th. Cir. 1998).

For the foregoing reasons, the Plaintiff's June 30, 2005, motion to amend complaint is also hereby **DENIED WITHOUT PREJUDICE.**

Lastly, the Plaintiff has also filed a motion to correct under F.R.Civ.P. 11(a).  In her motion, the Plaintiff states that she failed to sign her signature to the original Response To Defendant's Motion To Dismiss, filed on June 15, 2005.  However, it appears from the scanned image of the docketed Response, that the Plaintiff's signature is on that pleading, as well as the "Judge's" copy.  Accordingly, the Plaintiff's motion to correct her responsive pleading is hereby

DISMISSED AS MOOT.

**IT IS ALSO ORDERED** that the Plaintiff is is not to file any further pleadings with this Court until after the pending dispositive motions in this case have been resolved.

**IT IS SO ORDERED.**

The parties are hereby informed that any objection to this order must be filed with the district court within ten days after being served with a copy thereof, pursuant to Rule 72(a), Federal Rules of Civil Procedure.

**DATED: July 1, 2005**                    s/ Wallace Capel, Jr.
                                            **WALLACE CAPEL, JR.**
                                            **UNITED STATES MAGISTRATE JUDGE**


### CERTIFICATE OF SERVICE

I hereby certify that on **July 1, 2005**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Christine M. Campbell, Kimberley A. Koester, and I hereby certify that I have mailed by United States Postal service the paper to the following non-ECF participants: Monica Wade, # 176714, Scott Correctional Facility, 47500 Five Mile Rd., Plymouth, MI 48170

                                            s/James P. Peltier
                                            James P. Peltier
                                            Courtroom Deputy Clerk
                                            600 Church St.
                                            Flint, MI 48502